Opinion and Award with its Amendment based upon the record of the proceedings before Deputy Commissioner Jan N. Pittman and the briefs before the Full Commission. The appealing party has not shown good grounds to receive further evidence; reconsider the evidence; or to amend the Opinion and Award.
* * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
A Pre-Trial Agreement, entered into by the parties prior to the hearing is incorporated herein by reference.
Further, although at the time of the initial hearing plaintiff remained under the care of Dr. Dahners and had not yet been rated, the parties stipulated that the Deputy Commissioner should proceed with deciding this case.
Finally, the parties have stipulated that Dr. Dahners has deferred to Dr. Sue on the issue of medical causation.
* * * * * * * * * * * * * * *
FINDINGS OF FACT
The Full Commission Adopts the findings of fact found by the Deputy Commissioner as follows:
1. On 7 February 1992, plaintiff was employed by the City of Greensboro in its communications center. On that date, plaintiff reached for a Greensboro City Directory and as she pulled the book from the shelf, it fell towards her and as she tried to catch the book, she felt pain in her left wrist. This constituted an unusual occurrence which interrupted plaintiff's regular work routine.
2. A medical service's pass was prepared and plaintiff was referred to Dr. Sue, a local physician, for treatment.
3. Plaintiff visited Dr. Sue's office on 7 February 1992 and Dr. Sue diagnosed plaintiff as suffering from temporary tendonitis of the left wrist. This temporary tendonitis required only one visit for treatment, resulted in no lost time from work, and resulted in no permanent disability.
4. A number of years prior to 3 February 1992, in 1976, plaintiff had broken her left wrist, and the fracture had healed with a malunion and a deformity of the left wrist. Plaintiff's injury at work on 3 February 1992 did not aggravate this malunion.
5. Dr. Sue decided to repair this old malunion, and noted in his office records that this was not work related.
6. Before Dr. Sue operated to repair the malunion, the issue of whether this treatment would be covered by workers' compensation arose again. It was again separately noted in Dr. Sue's records that this was not related to workers' compensation but to an old 1976 accident and that the plaintiff had been so informed.
7. Dr. Sue has performed three surgeries to correct the malunion and has referred plaintiff to Dr. Dahners in Chapel Hill who is still treating her. All three surgeries performed by Dr. Sue, the ongoing, treatment by Dr. Dahners, the related medical expenses, all of plaintiff's lost time from work, as well as any permanent disability to plaintiff's arm and wrist are the result of correcting the pre-existing and unrelated malunion and are not causally related to the picking up of the City Directory and the injury at work on 3 February 1992.
8. On 3 February 1992 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. However, the only physical result of the injury at work on 3 February 1992 was the temporary tendonitis which required only one office visit with Dr. Sue and it resulted in no lost time from work and no permanent disability.
* * * * * * * * * * * * *
Based upon the stipulations of the parties and the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 3 February 1992, plaintiff sustained an injury arising out of and in the course of her employment with defendant-employer which resulted in temporary tendonitis of her left wrist. N.C.G.S. § 97-2, (6).
2. Plaintiff's is entitled to have defendant provide all medical treatment arising from this injury by accident, specifically the initial office visit of 7 February 1992 when plaintiff saw Dr. Sue. N.C.G.S. § 97-25.
3. Plaintiff has failed to prove that the medical condition for which she sought treatment after 7 February 1992 resulted form the injury by accident giving rise to this claim. N.C.G.S. §97-2 (6); Click v. Pilot Freight Carrier, Inc., 300 N.C. 164,265 S.E.2d 89 (1980).
* * * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, The Full Commission AFFIRMS the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay all medical expenses incurred by plaintiff as a result of the tendonitis which resulted from her injury by accident, specifically the office visit to Dr. Sue on 7 February 1992, when bills for the same have been submitted through the defendant to the Industrial Commission and approved by the Commission.
2. Defendant shall pay expert witness fees in the amounts of $250.00 to Dr. Dahners and $250.00 to Dr. Sue.
3. Defendant shall pay the costs.
 S/ _________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________________ DIANNE C. SELLERS COMMISSIONER
S/ _________________________ COY M. VANCE COMMISSIONER